UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN PARAISO, an individual; CARL DESIENA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>EFINANCIAL LLC; FIDELITY LIFE ASSOCIATION,<br><br>Defendants. | No. 2:26-cv-01359-RSL<br><br>**STIPULATED PROTECTIVE ORDER** |

**1. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

following Stipulated Protective Order.

The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## 2. “CONFIDENTIAL” MATERIAL

“Confidential” material shall include the following documents and tangible things produced or otherwise exchanged.

For purposes of the parties’ Stipulated Protective Order, the parties agree that documents, electronically stored information, testimony, discovery responses, and other materials containing or reflecting the following categories of information may constitute “CONFIDENTIAL” material when the producing party has a good-faith basis to believe the material contains confidential, proprietary, commercially sensitive, private, or otherwise protected information:

1. **Customer and Policyholder Information.** Names, addresses, telephone numbers, email addresses, dates of birth, policy numbers,

insurance coverage information, beneficiary information, policy status, premium information, payment information, servicing history, and other personally identifying, financial, or non-public information concerning customers, prospective customers, policyholders, or beneficiaries.

2. **Client and Lead Information.** Client lists, lead lists, prospective customer information, lead sources, lead history, lead-generation information, conversion information, customer-contact information, customer relationship information, and information concerning the acquisition, development, servicing, retention, or disposition of customers or leads.

3. **ALISS System Information.** Documents, data, screenshots, reports, exports, access logs, system architecture, functionality, policies, procedures, technical information, security information, user information, and other non-public information concerning Efinancial LLC's proprietary ALISS system or any related database, platform, software, or information system.

4. **Commission and Compensation Information.** Commission schedules, commission rates, compensation formulas, compensation structures, payment calculations, agent compensation information, renewal commissions, overrides, deductions, assigned marketing costs, retention fees, chargebacks, policy fees, adjustments, and other non-public information concerning the calculation or payment of compensation.

5. **Carrier Compensation and Agreements.** Insurance carrier agreements, commission schedules, carrier statements, carrier payment records, compensation rates, payment structures, correspondence with carriers, and other non-public information concerning the contractual or financial relationship between Defendants and insurance carriers.

6. **Policy-Level Financial and Production Data.** Policy-level commission records, premium information, chargeback information, retention amounts, commissionable premium, production reports, policy status information, renewal information, and other policy-specific financial or production data.

7. **Accounting and Financial Records.** Internal accounting records, ledgers, spreadsheets, statements of account, balance information, profit-and-loss information, financial reports, revenue information, payment records, accounts receivable information, calculations, worksheets, reconciliations, and other non-public financial or accounting information.

8. **Chargeback, Retention Fee, and Alleged Debt Information.** Documents, spreadsheets, calculations, databases, policy-level ledgers, worksheets, analyses, communications, and accounting records concerning chargebacks, retention fees, negative balances, offsets, deficits, or any debt allegedly owed by Plaintiffs or other agents.

9. **Internal Policies, Procedures, Manuals, and Training Materials.** Non-public policies, procedures, manuals, guidelines, training materials, compensation policies, agent policies, operational procedures, compliance materials, and other internal business materials of Defendants.

10. **Internal Business Communications.** Non-public emails, text messages, Slack messages, memoranda, meeting notes, reports, presentations, or other internal communications concerning Plaintiffs, other agents, compensation practices, commission calculations, chargebacks, retention fees, ALISS access, customer or lead information, agent departures, or the alleged debt at issue in this litigation.

11. **Information Concerning Other Agents.** Compensation information, commission statements, chargebacks, retention fees, balances, disputes, agreements, disciplinary information, customer information, production information, or other non-public financial, personnel, or business information concerning agents or former agents who are not parties to this action.

12. **Proprietary Business Information and Trade Secrets.** Non-public information concerning business methods, pricing, marketing strategies, lead-generation strategies, customer acquisition, customer retention, sales methods, operational processes, financial models, software, databases, algorithms, technology, business plans,

competitive strategies, or other information constituting or potentially constituting proprietary information or trade secrets.

13. **Commercially Sensitive Information.** Non-public information concerning revenues, margins, costs, profitability, pricing, forecasts, business performance, customer acquisition costs, commission spreads, carrier negotiations, contractual terms, strategic planning, or other information whose disclosure to competitors or the public could reasonably cause commercial or competitive harm.

14. **Personal Identifying and Financial Information.** Social Security numbers, taxpayer identification numbers, bank-account information, routing numbers, credit-card information, personal addresses, personal telephone numbers, dates of birth, financial account information, tax information, and other sensitive personal or financial information concerning any party, employee, agent, customer, policyholder, or third party.

15. **Third-Party Confidential Information.** Documents or information that Defendants or Plaintiffs are contractually, legally, or otherwise obligated to maintain as confidential, including confidential

information belonging to insurance carriers, customers, policyholders, vendors, business partners, agents, or other third parties.

16. **Confidential Agreements and Contractual Terms.** Non-public agreements, amendments, schedules, addenda, compensation agreements, carrier agreements, vendor agreements, confidentiality provisions, restrictive covenants, and other contracts containing commercially sensitive or confidential terms.

17. **Expert and Damages Materials.** Non-public financial records, business valuations, damages calculations, accounting analyses, financial models, underlying datasets, and other confidential business or financial information provided to or relied upon by experts or consultants in this litigation, without limiting any applicable protections for attorney work product or privileged communications.

18. **Deposition and Hearing Testimony.** Deposition testimony, exhibits, hearing testimony, and transcripts to the extent they disclose, discuss, summarize, or otherwise reveal information falling within any category identified above.

19. **Discovery Responses and Productions.** Interrogatory answers, responses to requests for production, document productions, database exports, spreadsheets, ESI, reports, summaries, compilations, and other discovery materials to the extent they contain, summarize, derive from, or reveal information falling within any category identified above.

20. **Copies, Extracts, and Derivative Materials.** Copies, excerpts, summaries, charts, compilations, demonstratives, analyses, or other materials that reproduce, summarize, disclose, or are derived from information properly designated "CONFIDENTIAL" under the Stipulated Protective Order.

The inclusion of a category of information on this Confidential Material List does not automatically render every document or item within that category confidential. Any designation shall be made in good faith and only where the designating party reasonably believes that the particular material qualifies for protection under the Stipulated Protective Order and applicable law.

Nothing in this Confidential Material List shall constitute an admission that any particular document or information constitutes a trade secret, proprietary information, or otherwise protected material, nor shall the List waive any party's

right to challenge a confidentiality designation in accordance with the Stipulated Protective Order.

**3. <u>SCOPE</u>**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>**

**4.1 <u>Basic Principles</u>**. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

**4.2** Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.

**4.3** Confidential material must be stored and maintained by a receiving

party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**4.4 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>**. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) to be bound by its terms, including his/her agreement not to use any Confidential information or material for any purpose other than this litigation, his/her consent to the jurisdiction and contempt power of this Court with respect to the enforcement of the order, and his/her agreement to return to the disclosing attorney with twenty (20) days after termination of this litigation

(a) all documents and other material containing designated Confidential information and material received by him/her and all copies thereof and (b) all reports, correspondence and other tangible things in his/her possession or control which contain any Confidential information or material disclosed to such expert;

(d) the court, court personnel, and court reporters and their staff, as necessary in support of motions, pleadings, and other court papers and proceedings or for the reporting of depositions and hearings;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this

agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) Any third-party neutrals, mediators, arbitrators, evaluators, or consultants with whom the Parties have mutually engaged with an intent to participate in alternative dispute resolution or settlement.

**4.5** **<u>Filing Confidential Material</u>**. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall attempt confer with the designating party to determine whether the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. In the event that conferring is not practical or, for whatever reason, not obtained, the filing party shall file the designated information under seal.

**4.6** General Rule 15(c) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**4.7** During the meet and confer process, the designating party must identify

the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

## 5. <u>DESIGNATING PROTECTED MATERIAL</u>

**5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>**. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it

designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2 Manner and Timing of Designations**. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition

or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

**5.3 Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1 Timing of Challenges**. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable,

substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2 Meet and Confer**. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

**6.3 Judicial Intervention**. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may

expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order,

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement, and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed

confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

**10. NO WAIVER OF PRIVILEGE**

The parties also acknowledge that entry of this protective order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any party with respect to the discovery of matters, including, but not limited to, any party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any party's right to contest any such assertion. If a party inadvertently produces documents that are privileged, including but not limited to documents protected by the attorney-client privilege, work product doctrine, or mediation privilege (together, all inadvertently produced documents shall be a "privileged document"), pursuant to ER 502(b) inadvertent production of a privileged document shall not be deemed a waiver of any applicable privilege. Upon discovery that a privileged document has been produced, the producing party shall promptly notify counsel for the other party who shall promptly return the privileged document and all copies of the privileged document. If a party contends that a privileged document has been erroneously designated as such or that the privilege has been waived for reason(s) other than inadvertent production, the party will nevertheless return the privileged document and all copies of the privileged document to the party asserting the privilege. The parties reserve the right to contest

any determination that a document is privileged or is otherwise protected from disclosure.

**11. NON-TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**12. MODIFICATION**

This Order may be modified in the event that the Parties agree in writing to a modification of the provisions and such modification is approved by this Court, or

upon either party's application to the Court for modification. No party shall be prejudiced by being bound by this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

BENDER LAW | PLLC

*/s/ John Bender*
______________________________
John Bender, WSBA 19540
Christian Flowers, WSBA 63990
450 Alaskan Way South, Suite 200
Seattle, WA 98104
(206) 577-7987
john@bender-law.com
christian@bender-law.com

*Attorneys for Plaintiffs*

NELSON MULLINS RILEY & SCARBOROUGH | PLLC

*/s/ Christopher S. Marks*
______________________________
Christopher S. Marks, WSBA 28634
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7400
Email: chris.marks@nelsonmullins.com

*Attorneys for Defendants*

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: September 24, 2026.

Robt S Lasnik

HONORABLE ROBERT S. LASNIK

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ____________________________________ [print or type full name], of ____________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _________________, 2026, in the case of **John Paraiso and Carl DeSiena v. EFinancial LLC; Fidelity Life Association, United States District Court, Western District of Washington, Case No. 2:26-cv-01359-**.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after



BENDER LAW PLLC
450 Alaskan Way, Suite 200
Seattle, Washington 98104
T: 206.577.7987 | F: 206.693.4365

termination of this action.

Date: ____________________

City and State where sworn and signed:____________________

Printed name:________________________________________

Signature: ________________________________________



BENDER LAW PLLC
450 Alaskan Way, Suite 200
Seattle, Washington 98104
T: 206.577.7987 | F: 206.693.4365